UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | Cause No. 3:05-MD-527 RM (MDL-1700) |
| | THIS DOCUMENT RELATES TO 3:05-CV-667 |

OPINION AND ORDER

For the following reasons, the court grants the plaintiffs' motion [Doc. No. 41] to remand this case to the state court from which it was removed.

Clyde Woomer originally filed this putative class action in the Court of Common pleas of Allegheny County, Pennsylvania on be half of himself and all persons who: (1) on the date of the filing of the complaint were Pennsylvania citizens; (2) were (or are) employed by FedEx Ground Package System, Inc. in the Commonwealth of Pennsylvania as local package delivery drivers; and (3) were (or are) improperly classified as "independent contractors." FedEx Ground filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1332, and 1446, and removed the case to United States District Court for the Western District of Pennsylvania. The case was transferred to this court pursuant to 28 U.S.C. § 1407, and the plaintiffs moved the court to remand the action as it either lacks federal subject matter jurisdiction or was improperly removed.

The plaintiffs attack FedEx Ground's assertion that federal subject matter jurisdiction exists under both 28 U.S.C. §§ 1331 an 1332. First, the plaintiffs

argue the complaint alleges only state law claims, so any allegation that the claims raise a federal question cannot form the basis for removal. Second, the plaintiffs assert the court cannot exercise its jurisdiction under 28 U.S.C. § 1332 because the statute precludes the court from exercising jurisdiction over the putative class.

FedEx Ground's first basis for removal strongly relies on Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S. Ct. 2363 (2005). While Grable "resolved a conflict in the Supreme Court's own decisions by holding that federal jurisdiction does not depend on the existence of a private right of action under federal law," Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 450 (7th Cir. 2005), it also reiterated that "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons v. Darue Eng'g, 125 S. Ct. at 2367.

FedEx acknowledges that the complaint only alleges Pennsylvania state law claims on its face, but argues that it necessarily raises a substantial issue of federal law because a court resolving the claims will have to apply contested areas of federal wage and hour laws, federal tax laws, and/or the laws pertaining to social security contributions. The complaint, however, does not raise these federal issues, which are identified in the context of FedEx Ground's argument against liability. Absent preemption issues, federal issues raised in defense of state law claims neither provide adequate ground to exercise federal jurisdiction under § 1331, Nelson v. Stewart, 422 F.3d 463, 466 (7th Cir. 2005), nor provide the basis

2

for a substantial and contested federal issue under Grable. Accordingly, 28 U.S.C. § 1331 cannot provide a basis for removal.

FedEx Ground asserts 28 U.S.C. § 1332(d)(2) as its second basis for subject matter jurisdiction. Under that provision, FedEx Ground must make a showing that: (1) the putative class is made up of at least 100 members; (2) at least one of those members is of diverse citizenship with it; and (3) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). FedEx Ground, as the proponent of jurisdiction, bears the risk of non-persuasion. Brill v. Countrywide Home Loans, Inc., 427 F.3d at 447-449.

The complaint identifies the putative class action as containing only those who, at the time of the filing, were (or are) Pennsylvania citizens, so the plaintiffs reason that there can be no minimal diversity (and thus no original jurisdiction). The court agrees, and FedEx Ground has provided no persuasive argument to the contrary.

The plaintiffs are masters of their own complaint. *See* Brill v. Countrywide Home Loans, Inc., 427 F.3d at 449 ("[A]s master of the case, plaintiff may limit his claims" to chose his forum.). The explicit requirements found in § 1332(d)(2) necessitate a showing that at least one member of the putative class action is of diverse citizenship. In trying to make such a showing, FedEx Ground submits three affidavits identifying people who arguably were not citizens of Pennsylvania at the time the complaint was filed. This is not an adequate showing of a diverse member of the putative class; anyone not a citizen of Pennsylvania at the time of

the complaint would not be member of the putative class.[1] Because FedEx Ground hasn't submitted anything regarding the members of the putative class, it hasn't shown that at least one of the putative class members is diverse for purposes of jurisdiction, so jurisdiction does not exist under 28 U.S.C. § 1332(d).[2]

Accordingly, the plaintiffs' motion for remand to the Court of Common pleas of Allegheny County, Pennsylvania is GRANTED [Doc. No. 41]. The clerk shall forward a copy of this order to the clerk of the Judicial Panel on Multi-District Litigation.

SO ORDERED.

DATED: January 13, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
U.S. District Court

---

[1] At this point, the court takes the plaintiffs' statements in both their complaint and court filings that the putative class consists solely of Pennsylvanian citizens as true. This order does not preclude FedEx Ground from removing the case at any future point it becomes apparent that jurisdiction exists. *See* 28 U.S.C. § 1332(d)(8).

[2] Because this remand motion was decided under 28 U.S.C. § 1332(d)(2), the court need not address the parties' arguments regarding § 1332(d)(4).

4